OPINION
{¶ 1} Appellant, Daniel Moshos, divorced Gabrielle Moshos in 1998.[1] The original divorce decree provided for shared parenting of their two minor children. Gabrielle subsequently remarried and moved to California and, for a time, had no visitation rights with the children.
 {¶ 2} Daniel retained custody and allowed the Appellee, Sylvia Gosnell, the children's maternal grandmother, to have occasional visits with the children between 1999 and 2001. However, Sylvia began to undermine Daniel's authority, and she allowed Gabrielle to be present during these visits. Daniel terminated the children's contact with Sylvia and refused to allow any further visits.
 {¶ 3} In August 2002, Sylvia moved the Court of Common Pleas, Domestic Relations Division, to allow grandparent visitation. After a hearing and an interview with the children, the court denied Sylvia's motion to allow visitation but granted "telephone access" via five minute phone calls every two weeks. Daniel file a timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 4} "The Greene County Court erred by awarding the Maternal Grandmother Telephone access to the minor children After having overruled her motion for grandparent VISITATION."
 {¶ 5} Sylvia declined to file a reply brief in this appeal. App. R. 18(C) states that if an appellee fails to file a brief, we may accept the appellant's statement of facts and issues as true and reverse the trial court if the brief "reasonably appears to sustain such action."
 {¶ 6} Daniel argues that the trial court abused its discretion when it awarded Sylvia telephone access, after denying visitation, without having found that it was in the best interest of the children.
 {¶ 7} A trial court's decision on visitation involves an exercise of discretion and we review the decision for an abuse of that discretion. Johntonny v. Malliski (1990),67 Ohio App.3d 709,714. "Abuse of discretion means more than just an error of law or judgement; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} A grandparent's visitation rights are governed by statute. In re Martin (1994), 68 Ohio St.3d 250, 254. R.C.3109.051(B)(1) authorizes a court to grant visitation if: 1) The grandparent moves the court to do so; 2) The court finds the grandparent has an interest in the welfare of the child; and 3) The court finds that visitation is in the child's best interest. The court shall be guided by sixteen factors identified in R.C.3109.051(D) when making its findings.
 {¶ 9} The trial court overruled Sylvia's Motion for Visitation with the children after a thorough and systematic analysis of R.C. 3109.051(D). However, it went on to grant telephone access without any analysis of R.C. 3109.051(B) and (D).
 {¶ 10} A trial court must find that all three R.C.3109.051(B) factors are satisfied before ordering any contact between grandparents and grandchildren, whether by face-to-face interaction or some other form of communication. Here, the court failed to do so before it granted telephone access. Without these findings its order is arbitrary and therefore an abuse of discretion. Blakemore, supra. The assignment of error is sustained.
 {¶ 11} The court's order allowing Sylvia telephone access is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
Fain, P.J. and Walsh, J. concurs.
Hon. James E. Walsh, Court of Appeals, Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] For convenience, the parties will be identified by their first names.